J-S57039-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
         Appellee    :
      v.    :
   :
EDWARD MCDEVITT,    :
   :
         Appellant    :    No. 2769 EDA 2017

Appeal from the PCRA Order August 14, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0219991-1983

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 04, 2018**

Edward McDevitt (Appellant) appeals *pro se* from the August 14, 2017 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

When he was 19 years old, Appellant beat Lawrence Kelly to death. Following a jury trial, Appellant was convicted of first-degree murder.  In 1984, Appellant was sentenced to a mandatory term of life imprisonment without parole.  This Court affirmed his judgment of sentence in 1985, and our Supreme Court denied his petition for *allocatur* on January 29, 1987. ***Commonwealth v. McDevitt***, 505 A.2d 1034 (Pa. Super. 1985) (unpublished memorandum), *appeal denied*, 522 A.2d 558 (Pa. 1987). Appellant did not seek *certiorari* in the United States Supreme Court.

In the years following his conviction, Appellant filed a multitude of petitions pursuant to the PCRA and its predecessor, but none merited relief.

*Retired Senior Judge assigned to the Superior Court.

On March 17, 2016, Appellant *pro se* filed the PCRA petition that is the subject of this appeal. On June 30, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response, but on August 14, 2017, the PCRA court dismissed the petition as untimely filed. Appellant *pro se* timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Our first task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1987. However, Appellant alleges that his petition,

filed within 60 days of the United States Supreme Court's decision in ***Montgomery v. Louisiana***, __ U.S. __, 136 S. Ct. 718 (2016), meets the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii); ***see*** Appellant's Brief at 8-15.

In 2012, the Supreme Court of the United States held "that mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller v. Alabama***, 567 U.S. 460, 465 (2012) (emphasis added). In ***Montgomery***, the Court determined that ***Miller*** announced a new substantive rule of law that applies retroactively. ***Montgomery***, 136 S.Ct. at 736.

Appellant was not under the age of 18 when he murdered Kelly. This Court has held that because ***Miller*** does not apply to a petitioner who was 18 or older at the time he committed murder, such petitioner cannot rely on ***Miller*** to avail himself of the time-bar exception in subsection 9545(b)(1)(iii). ***See Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (citing ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013)); ***see also Commonwealth v. Montgomery***, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (reaffirming the holding in ***Furgess*** that

*Montgomery v. Louisiana* did not extend *Miller*'s holding to individuals who committed homicides after they reached the age of 18). Because Appellant is not within the ambit of *Miller*, he did not meet his burden of establishing an exception to the PCRA's time bar.[1, 2]

Finally, we reject Appellant's assertion that he was entitled to appointment of counsel and an evidentiary hearing pursuant to Pa.R.Crim.P. 904(D) and 908.[3] *See* Appellant's Brief at 16-20. Because Appellant did not

---

[1] This Court recently certified *Commonwealth v. Lee*, No. 1891 WDA 2016, for *en banc* review regarding the application of the reasoning in *Miller* to young adults. We decline Appellant's request to hold his case pending the outcome of *Lee*. Even if this Court *en banc* were to extend *Miller*'s reasoning to young adults as Appellant hopes it will do, Appellant still would be unable to meet the requirements of the newly-recognized and retroactively-applicable constitutional right time-bar exception. *See* 18 Pa.C.S. § 9545(b)(1)(iii) (requiring the **Supreme Court of the United States** or the **Supreme Court of Pennsylvania** to recognize the new constitutional right and hold that the right applies retroactively). If either Supreme Court ever extends *Miller* to young adults and deems the new rule to apply retroactively, Appellant may file another PCRA petition requesting relief at that time consistent with subsections 9545(b)(1)(iii) and (b)(2).

[2] Appellant's attempt to invoke *Miller* in his argument that his sentence violates the equal protection clause of the Fourteenth Amendment of the United States Constitution also fails. *See* Appellant's Brief at 12. *Miller* only announced a new rule with respect to the Eighth Amendment, not the Equal Protection Clause. *Montgomery*, 181 A.3d at 366. An argument that a newly-recognized constitutional right should be extended does not render a petition seeking an expansion of the right timely filed pursuant to subsection 9545(b)(1)(iii). *Id.* at 366-67.

[3] Generally, an evidentiary hearing is required if the PCRA petition or the Commonwealth's answer "raises material issues of fact." Pa.R.Crim.P. 908(A)(2). "On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or
*(Footnote Continued Next Page)*

plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014) (affirming dismissal of PCRA petition without a hearing because Miller failed to meet his burden of proving any exception to the PCRA's time bar).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/18

*(Footnote Continued)* ───────────

otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Pa.R.Crim.P. 904(D).